Robert A. Naeve (State Bar No. 106095)
rnaeve@jonesday.com
Edward S. Chang (State Bar No. 241682)
echang@jonesday.com
Ryan D. Ball (State Bar No. 321772)
rball@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612.4408
Telephone: (949)851-3939
Facsimile: (949) 553-7539

Attorneys for Defendant
TOMMY HILFIGER U.S.A., INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LICEA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOMMY HILFIGER U.S.A., INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. **'22CV1851 DMS MDD**<br><br>[Removal of San Diego County Superior Court, Case No. 37-2022-00042365-CU-MT-CTL]<br><br>**TOMMY HILFIGER U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>**[CAFA JURISDICTION]**<br><br>Complaint Filed: October 24, 2022 |

**PLEASE TAKE NOTICE THAT** Defendant Tommy Hilfiger U.S.A., Inc. ("Tommy Hilfiger" or "Defendant") hereby removes the above-captioned action from the Superior Court of California, County of San Diego to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are set forth below:

## CLAIMS ASSERTED IN COMPLAINT

1. On October 24, 2022, Plaintiff Jose Licea ("Licea" or "Plaintiff"), on behalf of himself and all others similarly situated, filed a Class Action Complaint ("Compl.") in the Superior Court of California, County of San Diego (the "State Court Action"), Case No. 37-2022-00042365-CU-MT-CTL. Hilfiger is the named Defendant in the State Court Action.

2. Plaintiff seeks to certify a California class, consisting of: "All persons within California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using a cellular telephone, and (2) whose communications were recorded and/or eavesdropped upon without prior consent." Compl., ¶ 22.

3. Plaintiff asserts claims for: (1) violations of California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631; and (2) violations of CIPA, Cal. Penal Code § 632.7. *Id.*, ¶¶ 28–41.

4. Plaintiff seeks injunctive relief, statutory damages, punitive damages, and attorneys' fees and costs. *See id.*

## COMPLIANCE WITH STATUTORY REQUIREMENTS

5. The Complaint in the State Court Action was filed with the Clerk of the Superior Court of California, County of San Diego on October 24, 2022.

6. On October 25, 2022, Plaintiff served Defendant with the Complaint.

7. This Notice of Removal is being filed with this Court within 30 days after Defendant was served with Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based. *See* 15 U.S.C. § 1446(b)(1)

- 1 -

TOMMY HILFIGER U.S.A., INC.'S
NOTICE OF REMOVAL OF ACTION

(providing for removal "30 days after the receipt by the defendant . . . of a copy of the initial pleading").

8. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders entered in the State Court Action is attached hereto as **Exhibit A**.

9. Promptly after filing this Notice of Removal, Defendant will provide written notice of removal of this action to Plaintiff through his attorneys of record in the State Court Action, and it will file a copy of this Notice of Removal and all other necessary documents with the Clerk of the Superior Court of California, County of San Diego in the State Court Action, as required by 28 U.S.C. § 1446(d). A copy of Defendant's Notice to State Court and Adverse Party of Removal from State Court to the United States District Court of the Southern District of California (without exhibits) is attached to this Notice of Removal as **Exhibit B**.

10. By removing the action to this Court, Defendant does not waive any defenses that are available under state or federal law.

## VENUE AND INTRADISTRICT ASSIGNMENT

11. Venue lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1391(a) and 1441(a) because the Complaint was filed in this District. Pursuant to 28 U.S.C. § 1441(a), this case may properly be removed to the Southern District of California because Plaintiff filed this case in the Superior Court of California, County of San Diego.

## JURISDICTION: CAFA JURISDICTION

12. This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA")). Federal courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant"; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "the number of members of all proposed plaintiff classes in the aggregate is" 100 or more.

28 U.S.C. § 1332(d)(2), (d)(5)(B). This is a putative class action. *See e.g.*, Compl., ¶¶ 22-27. As set forth below, all additional requirements to establish jurisdiction pursuant to CAFA are satisfied in this case.

## I. PLAINTIFF AND DEFENDANT ARE CITIZENS OF DIFFERENT STATES

13. In this matter, diversity of citizenship exists because Plaintiff and Tommy Hilfiger are citizens of different states. *See* 28 U.S.C. § 1332(d)(2).

14. Jose Licea, the named Plaintiff, alleges that he is a citizen of California, residing in San Diego County. Compl., ¶ 4.

15. Tommy Hilfiger is incorporated in Delaware with its principal place of business in New York. Thus, Tommy Hilfiger is a citizen of Delaware and New York for diversity-jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (holding that a corporation is "deemed to be a citizen of any State [] by which it has been incorporated and of the State [] where it has its principal place of business." (quoting 28 U.S.C. §1332(c)(1))).

16. All other defendants listed in the caption are fictitious defendants who are ignored for the purposes of a diversity analysis. 28 U.S.C. § 1441(b)(1).

17. For minimal diversity to exist, one plaintiff must be diverse from one defendant. 28 U.S.C. § 1332(d)(2)(A). Here, the named Plaintiff is diverse from Tommy Hilfiger. The minimal diversity requirement is therefore satisfied.

## II. THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

18. Although Tommy Hilfiger concedes neither liability on Plaintiff's claims nor the propriety or breadth of any class as alleged by Plaintiff, Plaintiff's allegations place the amount in controversy to a sum greater than $5,000,000. *See generally* Compl.; 28 U.S.C. § 1332(2).[1]

---

[1] In alleging the amount in controversy for purposes of removal, Tommy Hilfiger does not concede or acknowledge in any way that the allegations in the Complaint are accurate or that either Plaintiff or any proposed class member is entitled to any amount under any claim or cause of action. Nor does Tommy Hilfiger concede or acknowledge that any class may be certified, whether as alleged or

- 3 -  TOMMY HILFIGER U.S.A., INC.'S
NOTICE OF REMOVAL OF ACTION

19. Plaintiff and the putative class seek statutory damages for each alleged violation of CIPA. Compl., ¶¶ 32, 41. CIPA imposes statutory damages of $5,000 per violation. *See* Cal. Penal Code § 637.2(a)(1).

20. Plaintiff seeks to certify a class of California residents that communicated with Tommy Hilfiger's chat feature, and Plaintiff "believes the number [of class members] to be in the thousands, if not more." Compl., ¶¶ 22, 23. Therefore, even a class of 1,001 California residents would result in 1,001 communications, each of which could independently constitute a CIPA violation. Accordingly, the alleged statutory damages, in the aggregate, exceed $5,000,000 (1,001 communications x $5,000 per communication = $5,005,000).

21. In addition, Plaintiff seeks recovery of attorneys' fees in this putative class action, which amounts are also included in the amount in controversy for purposes of CAFA jurisdiction.[2] *See Arias v. Residence Inn by Marriot*, 936 F.3d 920, 922 (9th Cir. 2019) ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." (citing *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018))).

22. Thus, this dispute exceeds the minimum amount-in-controversy requirement for jurisdiction pursuant to CAFA.[3]

### III. PLAINTIFF ALLEGES A PROPOSED CLASS THAT EXCEEDS 100 MEMBERS

23. Based on the allegations in the Complaint, the number of putative class members exceeds 100. 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that he "believes

---

otherwise, or that any or all of the proposed class members are entitled to any recovery in this case, or are appropriately included in the putative class.

[2] Tommy Hilfiger does not concede or acknowledge in any way that Plaintiff or any proposed class member is entitled to recovery of any fees and costs in this case.

[3] If challenged, Tommy Hilfiger reserves the right to offer evidence or information to establish the amount in controversy on all claims alleged in the Complaint. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020).

the number [of class members] to be in the thousands, if not more." Compl., ¶ 23. This includes all persons within California, who within the relevant time period, "communicated with Defendant via the chat feature on Defendant's website using a cellular telephone." Compl., ¶ 22. Accordingly, the Complaint sufficiently alleges that the proposed class exceeds 100 members.

WHEREFORE, the above-captioned action is hereby removed to this Court from the Superior Court of California, County of San Diego.

Dated: November 23, 2022                         JONES DAY


By: */s/ Edward S. Chang*
     Edward S. Chang

Attorneys for Defendant
TOMMY HILFIGER U.S.A., INC.

## PROOF OF SERVICE

I, Jenice Thakur, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612. On **November 23, 2022,** I served a copy of the within document(s):

**TOMMY HILFIGER U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446, CIVIL COVER SHEET, AND ACCOMPANYING EXHIBITS**

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.

☒  by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell
Victoria C. Knowles
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
T: (949) 706-6464
F: (949) 706-6469
E: sferrell@pacifictrialattorneys.com
  vknowles@pacifctrialattonneys.com

*Attorneys for Plaintiff*

Executed on November 23, 2022, at Irvine, California.

/s/ *Jenice Thakur*
Jenice Thakur

- 1 -   PROOF OF SERVICE